Filed 12/16/14  P. v. Johnson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CEDRIC JOHNSON,<br><br>    Defendant and Appellant. | D065163<br><br><br><br>(Super. Ct. No. SCD241729) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Avatar Legal and Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Cedric Johnson pleaded guilty to conspiracy to commit robbery (Pen. Code,[1] §§ 182, subd. (a)(1), 211; count 1), attempted robbery (§§ 664, 211; count 9) and eight counts of robbery (§ 211; counts 2-8, 10), including one of a victim 65 years of age or older (§ 667.9, subd. (a); count 2).  Johnson admitted one prior prison term (§ 667.5,

---

[1]    All further statutory references are to the Penal Code.

subd. (b)), one serious felony prior conviction (§ 667, subd. (a)) and three strikes (§ 667 subds. (b)-(i)). The court dismissed two of the strikes and sentenced Johnson to 32 years four months in prison: ten years (twice the upper term) on count 2 plus one year for the age enhancement; consecutive two-year terms (one-third the middle term, doubled) on counts 3-8 and 10; a consecutive term of one year four months (one-third the middle term, doubled) on count 9; a stayed (§ 654) term on count 1; one year for the prior prison term; and five years for the serious felony prior. Johnson appeals. We affirm.

BACKGROUND

Count 1: From May to June, 2011, Johnson conspired with two others to commit robberies.

Count 2: On May 19, 2011, 78-year-old Kazuko Ethington was walking toward a grocery store, carrying a lunch box. Someone came from behind and took the lunch box, cutting Ethington's finger, then ran away.

Count 3: On May 19, 2011, Lynne Lopo was walking toward a bank to make a deposit for her employer. Lopo was carrying a bank bag close to her chest. Someone hit her from behind, knocking her to the ground. After a struggle, the assailant took the bag and ran away. Lopo sustained bruises on her eye and shin, a scrape on her knee and a scratch on her face.

Count 4: On May 23, 2011, as Tomi Windle walked to a bank, an individual came up behind her, grabbed her purse and ran away. A security guard who witnessed the crime described it as a lady "getting attacked by this guy." The victim was upset and crying.

2

Count 5:  On May 23, 2011, someone tried to take Rose Bulandi's purse.  She held onto her purse and screamed.  The assailant dragged her from the sidewalk in front of a bank through the parking lot.  Bulandi let go of the purse, then the robber yanked it away from her and ran.

Count 6:  On June 7, 2011, Elba Canizales, a restaurant owner, was walking toward a bank to make a deposit.  On her left side, she carried a plastic bag containing the cash and checks to be deposited.  On her right side, she carried a purse.  From in back of Canizales, a person put his hand on her shoulder and pulled, attempting to get the purse, then the bag.  Canizales fought back.  She opened the bank door and threw the bag inside.  The assailant pushed Canizales to the floor, grabbed the bag and left.

Count 7:  On June 16, 2011, Laurence Waymire was walking toward a bank to make a deposit for his employer.  The money to be deposited was in four bags.  Waymire carried the bags under his arm.  When he was within five to ten feet of the bank's entrance, someone approached him from behind, knocked him to the ground, took the bags and ran.  Waymire sustained a broken fibula and a sprained ankle.

Count 8:  On June 17, 2011, Peter Ferioli was walking toward a bank to make a deposit.  In his arms, he carried a bank bag containing rolled coins.  A guy ran toward Ferioli, grabbed him in a bear hug and grabbed at the bag.  Ferioli held onto the bag for a few seconds, then let go of the bag, thinking the assailant might have a knife.  Ferioli received minor scratches.  The robber ran away.

Count 9:  On June 22, 2011, Ashley Arata was walking toward a bank to make a deposit for her employer.  The money to be deposited was in a bank bag under Arata's

3

left armpit.  A man walked toward her and lunged to reach the bag.  Arata was scared.  She fell back, hitting the pavement, and screamed "get away from me."  The man reached for the bag again and said "give me the money."  Arata bit his arm.  Two men came out of the bank yelling and chased the man away.

Count 10:  On June 24, 2011, Catherine St. John was walking toward a bank to make a deposit for her employer.  St. John was carrying a bank bag under her arm.  Someone tugged the bag from behind St. John and wrested it away from her.  St. John turned around, screamed and chased the guy who had taken the bag.  Bystanders joined in the chase.  The police arrived and caught the robber.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below.  Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions as possible but not arguable issues (1) whether the court erred by denying Johnson's motion to dismiss counts 2, 4, 8 and 9 and (2) whether the court abused its discretion by imposing the upper term on the principal count and consecutive terms on the remaining counts.

We granted Johnson permission to file a brief on his own behalf.  He has not responded.  A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues.  Johnson has been competently represented by counsel on this appeal.

4

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

NARES, J.

5